IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES M. MARTIN, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 5:11-CV-192-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Lieutenant JOHNNY McDANIEL and Inmate WAKENYA HARRIS, | : | |
| Defendants. | : | |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION AND REPORT AND RECOMMENDATION

Plaintiff James M. Martin, an inmate at Wilcox State Prison, filed the instant action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. His Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A. Additionally, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is presently pending before the Court. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* ("IFP") is granted. However, the Court recommends dismissal of some of Plaintiff's claims for failure to state a claim upon which relief may be granted.

### BACKGROUND

Plaintiff's complaint arises out of an attack by his cellmate, Wakenya Harris, on March 7, 2011. (Compl. 5.) Prior to the attack, Plaintiff informed Lieutenant Johnny McDaniel that Harris was trying to provoke Plaintiff into fighting. (Compl. 5-6, 9-10.)

Lieutenant McDaniel met with Plaintiff and Harris the evening of March 7 and explained to both inmates that McDaniel did not have an empty cell at that time, but would move them the following day. (Compl. 6, 10.) Instead of separating the inmates, Lieutenant McDaniel allowed both inmates to return to their common dorm. (Compl. 6, 10.) Once there, Harris attacked Plaintiff while Plaintiff was watching television. (Compl. 6, 10-11.) Plaintiff claims that he suffered a ruptured left eardrum in the attack, which resulted in Plaintiff's loss of hearing in that ear and will require surgery. (Compl. 11, 18-19.)

Plaintiff additionally alleges that certain of his property was stolen, lost, or misplaced upon Plaintiff being taken to the "sallyport" following the assault. (Compl. 12-13, 25.) However, Plaintiff names no defendants in connection with this claim. As relief, Plaintiff seeks compensatory, punitive, and nominal damages.

## DISCUSSION

### I.     Plaintiff's Motion to Proceed IFP

Along with his Complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited

from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Plaintiff's Complaint is before the Court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act ("PLRA"). As codified at 28 U.S.C. § 1915A, the PLRA provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

Additionally, the Court must review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) which similarly requires the Court to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. "The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show [that] the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

B.  Plaintiff's Claims

Plaintiff brings this action against Defendants Wakenya Harris and Johnny McDaniel. He claims that both defendants are liable under the FTCA and 42 U.S.C. § 1983. Additionally, Plaintiff brings a claim for lost property, but does not specifically assert this claim against any defendant. As discussed below, Plaintiff's claims against Defendant Harris should be dismissed. Plaintiff's FTCA claim against Defendant McDaniel should be dismissed, but his section 1983 claim against Defendant McDaniel is sufficient to survive preliminary review. Finally, Plaintiff's property claim should be dismissed.

4

*1. Claims against Wakenya Harris*

Construing Plaintiff's Compliant liberally, it appears that Plaintiff sues fellow inmate Wakenya Harris pursuant to the FTCA and section 1983 for attacking Plaintiff. Both of these claims fail to state a claim for relief. First, Plaintiff's claim under the FTCA fails because that claim can only be brought against the United States for the acts or omissions of an employee of the federal government. *See* 28 U.S.C. §§ 1346(b) & 2671; *Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008) ("[T]he FTCA authorizes claims only against the United States."). As Plaintiff brought this FTCA claim against a private individual, such claim fails to state a claim upon which relief may be granted and should be dismissed.

Second, Plaintiff's section 1983 claim against Harris likewise fails to state a claim for relief because a section 1983 action must be brought against a person acting "under color of state law." *Arrignton v. Helms*, 438 F.3d 1336, 1342 (11th Cir. 2006). "[T]he under color of state law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Plaintiff has asserted this claim under § 1983 against a private citizen for private conduct. Such a contention fails to state a claim for relief and should be dismissed.

*2. Claims against Lieutenant Johnny McDaniel*

Plaintiff also brings claims against Defendant McDaniel pursuant to the FTCA and section 1983. Plaintiff's FTCA claim against Defendant McDaniel fails to state a claim

for relief and should be dismissed. However, Plaintiff has sufficiently alleged a claim against Defendant McDaniel under section 1983.

Plaintiff's claim under the FTCA fails for the same reasons that his FTCA claim against Defendant Harris failed. A FTCA claim can be brought only against the United States for the acts or omissions of an employee of the federal government. *See* 28 U.S.C. §§ 1346(b) & 2671; *Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008) ("[T]he FTCA authorizes claims only against the United States."). As Plaintiff brought this FTCA claim against a state employee, such claim fails to state a claim upon which relief may be granted and should be dismissed.

Plaintiff also alleges that Defendant McDaniel is liable under 42 U.S.C. § 1983 for McDaniel's failure to prevent the attack against Plaintiff by inmate Harris. "An Eighth Amendment violation will occur when a substantial risk of serious harm of which the official is subjectively aware, exists and the official does not respond reasonable to the risk." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (alterations and internal quotation marks omitted). Plaintiff complains that he told Defendant McDaniel that inmate Harris threatened and provoked Plaintiff, but that Defendant McDaniel failed to prevent inmate Harris from attacking Plaintiff. This allegation is sufficient to survive preliminary review, and Plaintiff's section 1983 claim against Defendant McDaniel should remain pending.

3.  *Property Claim*

Finally, Plaintiff claims that Defendants Harris and McDaniel violated the Fourteenth Amendment when his property was lost or taken from his cell. Plaintiff, however, fails to link either Defendant to this alleged constitutional violation and instead states that "[t]hree officers came upstairs to cell 209[,]" and that these "[o]fficers did not protect my property that was missing." (Compl. 25.) Plaintiff has failed to allege how either Defendant is in any way connected to or responsible for his loss of property. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Thus, Plaintiff has failed to state a claim for relief and his property claim should be dismissed.

**CONCLUSION**

For the aforementioned reasons, Plaintiff's motion to proceed IFP is granted. Plaintiff's claims against Defendant Harris should be dismissed. Additionally, Plaintiff's FTCA claim against Defendant McDaniel should be dismissed, but his section 1983 claim should remain pending. Finally, Plaintiff's property claim should be dismissed for failure to state a claim.

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. Furthermore, IT IS HEREBY RECOMMENDED that certain claims be **DISMISSED** as discussed above under 28 U.S.C. § 1915A for Plaintiff's failure to state a claim upon which relief may be granted. Pursuant to 28

U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO ORDERED and RECOMMENDED**, this 1st day of June, 2011.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE