IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES M. MARTIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:11-CV-192-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Lieutenant JOHNNY McDANIEL, | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

**ORDER GRANTING MOTION TO AMEND
AND REPORT AND RECOMMENDATION**

Plaintiff James Martin has filed two documents with the Court. The first, filed on July 10, 2011, is titled "Plaintiff Request Leave of Court to Supplement Complaint, Rule 15(c)2" (ECF No. 11) and was docketed as an Amended Complaint. The second filing, dated August 2, 2011, is titled "Plaintiff Request to Proceed After Supplement Motion Presented to Court for an Answer: Lieutenant Johnny McDaniel's Negligence Violated Plaintiff's Eight Amendment United States Constitution" (ECF No. 12), and was docketed as a motion to amend Plaintiff's Complaint. Through these two documents, it appears that Plaintiff is attempting to amend his Complaint to:

1. Change his Federal Torts Claims Act claims to claims pursuant to 42 U.S.C. § 1983, and have those section 1983 claims relate back to the original Complaint filing date (ECF No. 11 at 1);

2. Reassert his claims against inmate Waykenya Harris (ECF No. 12 at 1);

1

3. Amend his property claim against Defendant Johnny McDaniel to be asserted under the Fifth, Eighth, and Fourteenth Amendments (ECF No. 12 at 2);

4. Amend his Eighth Amendment claim against Defendant McDaniel by adding allegations that Defendant McDaniel ordered inmate Waykenya Harris to attack Plaintiff (ECF No. 12 at 3); and

5. Add as defendants the Georgia Department of Corrections as "responsible custodian" and Warden Robert Toole as "officer in charge" (ECF No. 12 at 1).

Federal Rules of Civil Procedure Rule 15(a)(1)(B) allows a party to amend its pleading one time as a matter of course prior to the filing of a responsive pleading. Consequently, Plaintiff is entitled to amend his Complaint this one time. However, Plaintiff is not allowed to reassert claims or add back in parties that have already been dismissed in this action. For example, Plaintiff cannot reassert claims against fellow inmate Wakenya Harris as those claims were dismissed for failure to state a claim. (Order, July 7, 2011, ECF No. 2.) Additionally, Plaintiff's property claim was dismissed for failure to state a claim (*Id.*) and cannot be reasserted, and Plaintiff's claims against Defendant McDaniel have already been interpreted as being asserted under section 1983. Thus, Plaintiff's Motion to Amend is GRANTED as to the following requested amendments:

4. Amend his Eighth Amendment claim against Defendant McDaniel by adding allegations that Defendant McDaniel ordered inmate Waykenya Harris to attack Plaintiff (ECF No. 12 at 3); and

5. Add as defendants the Georgia Department of Corrections as "responsible custodian" and Warden Robert Toole as "officer in charge" (ECF No. 12 at 1).

Plaintiff's fifth requested amendment, however, requires additional consideration pursuant to the Prisoner Litigation Reform Act's preliminary review ("PLRA"). 28 U.S.C. § 1915A.

## PRELIMINARY REVIEW OF PLAINTIFF'S AMENDED COMPLAINT

### I.     Standard for Preliminary Review

Plaintiff's Amended Complaint is before the Court for initial screening pursuant to the provisions of the PLRA. As codified at 28 U.S.C. § 1915A, the PLRA provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

Additionally, the Court must review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) which similarly requires the Court to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. "The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "A complaint is subject to dismissal for failure to state a claim if

3

the allegations, taken as true, show [that] the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## II.     Plaintiff's Claims against the Department of Corrections and Warden Toole

Plaintiff claims that the Department of Corrections is liable under section 1983 as the "responsible custodian" and that Warden Robert Toole is liable as the "officer in charge" who "had custodial responsible (sic) to care for all inmates and nothing in the rules and or regulations is contrary to the authority of the officer that was in charge[.]" (ECF No. 12 at 1.)  Plaintiff makes no specific allegation against either the Department of Corrections or Warden Toole, but instead attempts to hold them liable solely for being the employer or supervisor of Defendant McDaniel.  However, "vicarious liability is inapplicable to . . . § 1983 suits[.]"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Consequently, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  Consequently, since Plaintiff has not alleged that any action committed by Warden Toole or the Georgia Department of Corrections violates his Constitutional rights, Plaintiff's claims against these Defendants should be dismissed for failure to state a claim.

The Georgia Department of Corrections is also not subject to liability under § 1983 because it is not a "person" as defined by that statute.  42 U.S.C. § 1983. Furthermore, the Georgia Department of Corrections is a state entity entitled to Eleventh Amendment immunity.  *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's section 1983] action against the Georgia Department of Corrections[.]").  Thus, the Georgia Department of Corrections must be

dismissed from this action for failure to state a claim and because this Defendant is immune from suit.

WHEREFORE, Plaintiff's motion to amend is **GRANTED** as discussed above. Furthermore, IT IS HEREBY RECOMMENDED that Plaintiff's claims against Warden Toole and the Georgia Department of Corrections be **DISMISSED** under 28 U.S.C. § 1915A for Plaintiff's failure to state a claim upon which relief may be granted and because the Georgia Department of Corrections is immune from suit. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO ORDERED and RECOMMENDED**, this 19th day of September, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE