**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

JAMES M. MARTIN,              :
                                :
        Plaintiff,           :
                                :
v.                            :      CASE NO. 5:11-CV-192-MTT-MSH
                                :         42 U.S.C. § 1983
Lieutenant JOHNNY McDANIEL,  :
                                :
        Defendant.      :
_____

## <u>ORDER DENYING MOTION FOR DEFAULT JUDGMENT</u>

On August 25, 2011, Plaintiff moved for an entry of default against Defendant Johnny McDaniel. (ECF No. 15.) Plaintiff contends that Defendant McDaniel has failed to file a responsive pleading as required by Federal Rules of Civil Procedure Rule 12(a). (Pl.'s Req. Ct. Rule on Def.'s Default 1.) For the reasons explained below, Plaintiff's motion is denied at this time.

## BACKGROUND

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on May 16, 2011. (ECF No. 1.) After a preliminary review of Plaintiff's claims, the only remaining defendant in the case is Lieutenant Johnny McDaniel. (Order & Report & Recommendation 5-7, June 1, 2011, ECF No. 5; Order 2, July 1, 2011, ECF No. 7.) On July 14, 2011, the Court directed service against Defendant McDaniel. (Order of Service, ECF No. 9.) A United States Marshals Service Process Receipt and Return was mailed to Defendant McDaniel, along with the Complaint and a summons, at the address provided by Plaintiff on July 15,

2011.  (ECF No. 10.)  Defendant McDaniel has not Answered the Complaint or waived service.

In response, on August 25, 2011, Plaintiff moved for an entry of default against Defendant McDaniel.  The Court thereafter Ordered that Defendant McDaniel be personally served by the U.S. Marshals Service.  (Text Only Order, Sept. 19, 2011.)  The process receipt for personal service was returned unexecuted because Defendant McDaniel is no longer at the address provided for service by Plaintiff.  (*See* Process Receipt & Return 1, ECF No. 18.)  Specifically, the U.S. Marshal was advised that Defendant McDaniel no longer works at Wilcox State Prison, the only address provided by Plaintiff.  (*Id.*)  Thus, from the documents contained in the record, it is clear that service of process has not been perfected against Defendant McDaniel.

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides that a clerk "must enter [a] party's default" when that party "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Plaintiff here has not shown that Defendant McDaniel has failed to plead or otherwise defend in this case because Plaintiff has failed to show that Defendant has been properly served.  To the contrary, the record in this case establishes that Defendant McDaniel has not been served.  (*See* Process Receipt & Return 1, ECF No. 18.)  A party cannot defend against a lawsuit of which he has no notice. Therefore, Plaintiff's motion for default judgment is denied.

The Court recognizes that Plaintiff is *pro se* and is proceeding *in forma pauperis* in this action.  Consequently, it is the duty of the officers of the court to "issue and serve

2

all process[.]"  28 U.S.C. § 1915(d).  In fact, in the Eleventh Circuit, *in forma pauperis* litigants are "entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990).

Here, service was not properly effectuated because Plaintiff provided court officials with an incorrect address for Defendant McDaniel.  In other words, the failure to effect service is due to fault on the *in forma pauperis* litigant's part.  The Court is confident that Plaintiff did so because he was unaware that Defendant McDaniel no longer works at Wilcox State Prison, and not in a purposeful attempt to mislead or misinform the Court.  Because it is likely Plaintiff was unaware that Defendant McDaniel has moved his place of employment, Plaintiff will not be penalized for the failure to effect service.  This action, however, cannot continue without service on the Defendant. Plaintiff therefore has **thirty (30) days** within which to provide the Court with Defendant McDaniel's current and correct address.  *See Fowler*, 899 F.2d at 1095 ("A plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.") (quotation marks and citation omitted).

**CONCLUSION**

For the reasons explained above, Plaintiff's motion for default is denied. Additionally, Plaintiff must provide the Court with Defendant McDaniel's current address within **thirty (30) days**. Failure of the Plaintiff to comply with this Order may result in a dismissal of his action.

SO ORDERED, this 14th day of October, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE