IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES M. MARTIN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 5:11-CV-192-MTT-MSH |
|  | : 42 U.S.C. § 1983 |
| Lieutenant JOHNNY McDANIEL, | : |
| Defendant. | : |

_____

**ORDER FOR SERVICE AND
GRANTING LIMITED DISCOVERY**

On December 15, 2011, Plaintiff sent a letter to this Court requesting that the Court issue an Order requiring Robert Toole, the warden of Wilcox State Prison, to disclose to the Court a forwarding address for Defendant McDaniel. (ECF No. 24.) The Court is interpreting this as a Motion to Compel which would allow Plaintiff to effect service. For the reasons described below, Plaintiff's motion as requested is denied at this time. Instead, the Court orders service on Brian Owens, the Commissioner of the Department of Corrections, for the limited purpose of allowing Plaintiff discovery as to the current employer and location of Defendant Johnny McDaniel.

**BACKGROUND**

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on May 16, 2011. (ECF No. 1.) After a preliminary review of Plaintiff's Complaint and Amended Complaint, the only remaining defendant in the case is Lieutenant Johnny McDaniel. (Order & Report & Recommendation 5-7, June 1, 2011, ECF No. 5; Order 2, July 1, 2011, ECF No. 7;

1

Order 2, Oct. 24, 2011, ECF No. 21.)  On July 14, 2011, the Court directed service against Defendant McDaniel.  (Order of Service, ECF No. 9.)  A United States Marshals Service Process Receipt and Return was mailed to Defendant McDaniel, along with the Complaint and a summons, at the address provided by Plaintiff on July 15, 2011.  (ECF No. 10.)  Defendant McDaniel did not answer the Complaint or waive service.

In response, on August 25, 2011, Plaintiff moved for an entry of default against Defendant McDaniel.  The Court thereafter Ordered that Defendant McDaniel be personally served by the U.S. Marshals Service.  (Text Only Order, Sept. 19, 2011.)  The process receipt for personal service was returned unexecuted because Defendant McDaniel is no longer at the address provided for service by Plaintiff.  (*See* Process Receipt & Return 1, ECF No. 18.)  Specifically, the U.S. Marshal was advised that Defendant McDaniel no longer works at Wilcox State Prison, the only address provided by Plaintiff.  (*Id.*)

The Court, therefore, denied Plaintiff's motion for an entry of default.  (Order 4, Oct. 14, 2011, ECF No. 20.)  In that Order, the Court explained that an *in forma pauperis* litigant is allowed "to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990).  However, the Plaintiff must also assist the Court in attempting to effectuate service.  *See Fowler*, 899 F.2d at 1095 ("A plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a

2

plaintiff has knowledge.") (quotation marks and citation omitted). The Court, finding that Plaintiff's failure to provide the proper address for Defendant McDaniel was not purposeful, provided Plaintiff with an additional thirty (30) days in which to provide the Court with Defendant McDaniel's address. (Order 3, Oct. 14, 2011.)

Plaintiff responded to the Court's October 14 Order on October 31, 2011. (ECF No. 22.) In that response, Plaintiff alleged that he has in good faith attempted to determine Defendant McDaniel's current employer and address. (Pl.'s Resp. to Ct. Order 1-2.) In order to show his good faith attempts to perfect service Plaintiff contends that: (1) he mailed copies of the Complaint to Wilcox State Prison and he was informed by Wilcox State Prison's deputy warden that Defendant's McDaniel's mail was being forwarded to him, thus Defendant McDaniel has actual knowledge of this action; (2) that Plaintiff has mailed copies of the Complaint to the Attorney General in an attempt to effectuate service; and (3) that he has discovered that Defendant McDaniel works at another Georgia Department of Corrections institution, although he has been unable to find out which one. (Pl.'s Resp. to Ct. Order 2.) On November 3, 2011, Plaintiff filed another response wherein he further explains that he has requested Defendant McDaniel's proper address from the warden of Wilcox State Prison, but that that request has been refused, and that Plaintiff has been informed that Defendant McDaniel now works at Macon State Prison. (Pl.'s Resp. to Magistrate Judge's Order 1-2, ECF No. 23.)

Having shown the Court that Plaintiff was doing all within his power to determine Defendant McDaniel's proper address but was continuing to be unsuccessful, the Court asked the clerk's office to contact Macon State Prison to determine if Defendant

McDaniel was employed there. Although Macon State Prison told the clerk's office that Defendant McDaniel was not employed there, it would not tell the clerk's office where he is currently employed. The United States Marshal's Service has also attempted to locate Defendant McDaniel's current employer, but has been denied access to that information by specific institutions.

## DISCUSSION

Since Plaintiff is *pro se* and is proceeding *in forma pauperis* in this action, it is the duty of the officers of the court to "issue and serve all process[.]" 28 U.S.C. § 1915(d). As explained in the Court's previous Order, in the Eleventh Circuit *in forma pauperis* litigants are "entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler*, 899 F.2d at 1095.

Although Plaintiff has been unable to provide the Court with Defendant McDaniel's current address, Plaintiff has clearly made every attempt possible to ascertain Defendant's address and has been met with repeated road blocks. Once the Court determined to attempt to seek the Defendant's address, the Court, the clerk's office, and the United States Marshal's Service were likewise met with evasiveness from the different institutions and have been stymied in their attempts to determine Defendant McDaniel's address. Consequently, the Court now orders Brian Owens, the Commissioner of the Georgia Department of Corrections (GDOC) to be served in this case for the limited purpose of allowing Plaintiff to conduct limited discovery concerning Defendant McDaniel's current address.

Specifically, Plaintiff shall be provided with five (5) interrogatories that shall be answered by the GDOC Commissioner. These interrogatories will not count as part of Plaintiff's allowed interrogatories during normal discovery pursuant to Local Rule 33.1. Plaintiff should inquire into: whether Defendant McDaniel is still employed by the GDOC; if so, where Defendant McDaniel is currently employed; and the address where Defendant McDaniel can be personally served. Although discovery is not typically filed with the Court, the parties are ordered to file copies of the interrogatories and responses. Plaintiff shall have twenty-one (21) days to serve and file his interrogatories. Commissioner Owens shall respond to Plaintiff's interrogatories within twenty-one (21) days of receipt.[1]

## CONCLUSION

For the reasons explained above, Plaintiff's motion to compel is denied at this time. However, the GDOC Commissioner shall be served in this case and is ordered to respond to Plaintiff's interrogatories within twenty-one days of receipt.

SO ORDERED, this 20th day of December, 2011.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE

---

[1] Whether the Respondent is subject to sanctions pursuant to Federal Rules of Civil Procedure Rule 4(d)(2) for his failure to waive service, and what sanctions, if any, are proper, will be addressed at the appropriate time. *See, e.g.*, Fed. R. Civ. P. 4, 1993 amend. note ("Defendants that magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them are required to bear the wasteful costs."); *see also* Fed. R. Civ. P. 4(d), 1993 amend. note ("A defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare.").