IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES M. MARTIN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 5:11-CV-192-MTT-MSH |
| | : 42 U.S.C. § 1983 |
| Lieutenant JOHNNY McDANIEL, | : |
| Defendant. | : |

_____

**REPORT AND RECOMMENDATION**

Presently pending before the Court are Plaintiff's motion for seizure of property belonging to Defendant (ECF No. 33), motion for enforcement of administrative summons to discovery (ECF No. 36), motion to stay (ECF No. 41), motion to supplement the record and strike Defendant's motion to dismiss (ECF No. 44), motion to reinstitute and process summons (ECF No. 46), motion for limited discovery (ECF No. 49), and motion to amend his motion for limited discovery (ECF No. 50).  Also pending is Defendant's motion dismiss Plaintiff's Complaint (ECF No. 38).  For the reasons explained below, the Court recommends dismissal of Plaintiff's Complaint for failure to exhaust his administrative remedies.  Plaintiff's pending motions should likewise be dismissed as moot.

**BACKGROUND**

Plaintiff's complaint arises out of an attack by his cellmate, Wakenya Harris, on March 7, 2011.  (Compl. 5.)  Prior to the attack, Plaintiff informed Lieutenant Johnny

McDaniel that Harris was trying to provoke Plaintiff into fighting. (Compl. 5-6, 9-10.) Lieutenant McDaniel met with Plaintiff and Harris the evening of March 7 and explained to both inmates that McDaniel did not have an empty cell at that time, but would move them the following day. (Compl. 6, 10.) Instead of separating the inmates, Lieutenant McDaniel allowed both inmates to return to their common dorm. (Compl. 6, 10.) Once there, Harris attacked Plaintiff while Plaintiff was watching television. (Compl. 6, 10-11.) Plaintiff claims that he suffered a ruptured left eardrum in the attack, which resulted in Plaintiff's loss of hearing in that ear and will require surgery. (Compl. 11, 18-19.)

Plaintiff originally filed this action against several persons he claimed were responsible for the attack. After preliminary review, the only remaining claim is against Defendant McDaniel for failure to protect. (*See* Order 7, July 1, 2011, ECF No. 7.) Plaintiff thereafter amended his Complaint to claim that Defendant McDaniel ordered inmate Harris to attack Plaintiff. (*See* Order 2, Oct. 24, 2011, ECF No. 21.) Defendant has moved to dismiss Plaintiff's Complaint contending that Plaintiff failed to truthfully answer all the questions on the civil complaint form, has three strikes under the Prison Litigation Reform Act (PLRA), and failed to exhaust his administrative remedies. Because the Court finds that Plaintiff failed to exhaust his administrative remedies as explained below, it does not address Defendant's other arguments regarding dismissal.

## DISCUSSION

### I.   Motion to Dismiss – Failure to exhaust administrative remedies

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).  The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.*  If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.*  "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*  The defendant bears the burden of proof during this second step. *Id.*

Defendant moves to dismiss for lack of exhaustion claiming that Wilcox State Prisonl had a grievance procedure in place, that this procedure was explained to Plaintiff

3

verbally and set forth in the Orientation Handbook provided to inmates, that grievance counselors are trained on the grievance procedures, and that Plaintiff did not take advantage of the grievance procedure. (Def.'s Br. in Supp. of Mot. to Dismiss 9-10, ECF No. 38-1; *see also* Thompson Decl. ¶¶ 6-18, ECF No. 38-6.) Plaintiff states in his Complaint that he did file a grievance, but that his counselor told him that a formal grievance was not needed. (Compl. 3.) Plaintiff has not provided any additional factual information in response to Defendant's motion to dismiss. However, because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, the Court will assume that Plaintiff has Plaintiff has created a question of fact regarding the availability of the administrative remedies. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011). Thus, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step.

Since the Complaint was not dismissed at the first step, the Court can then make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Defendant here has met that burden.

Defendant has established that Wilcox State Prison uses the Georgia Department of Corrections' Standard Operating Procedures (SOP) regarding grievances. (Thompson Decl. ¶¶ 5-6, Ex. A.) The SOP mandates that an inmate must follow a three-step process in order to exhaust his remedies: file an informal grievance, file a formal grievance, and file an appeal. (*Id.* ¶ 9, Ex. A at 5-9.) "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the

applicable procedural rules[.]" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). Thus, in order for Plaintiff to have exhausted his administrative remedies, he needed to have filed an informal grievance, formal grievance, and appeal concerning his claim that Defendant McDaniel failed to protect him from assault by inmate Harris.

While at Wilcox State Prison, Plaintiff filed a total of fourteen grievances. (Thompson Decl. ¶ 16.) Plaintiff filed two grievances after he was attacked by inmate Harris on March 7, 2011, but before he filed this lawsuit. (*Id.* ¶¶ 16-18.) Neither of Plaintiff's grievances mentions Defendant McDaniel or claims that the prison or a guard was in any way responsible for failure to protect Plaintiff from attack. (*Id.* at Ex. B.) Grievance form 82833 does state that inmate Harris assaulted Plaintiff, but merely requests that "aggravated battery" charges be filed against him. (*Id.* at Ex. B.) Plaintiff did not file a formal grievance or appeal this grievance. (*Id.* ¶ 17.) Consequently, to the extent that it can be said that this grievance addresses the issues from which this action arose, Plaintiff has not exhausted his administrative remedies and his Complaint should be dismissed.

## II.     Plaintiff's Miscellaneous Pending Motions

Plaintiff has filed various motions primarily concerning Plaintiff's misapprehension that Defendant McDaniel has not appeared in this Court or responded to Plaintiff's Complaint. (*See, e.g.,* Motion for Seizure of Property Belonging to Defendant (ECF No. 33); Motion for Enforcement of Administrative Summons to Discovery (ECF No. 36); Motion to Stay (ECF No. 41); Motion to Supplement the Record and Strike

Defendant's Motion to Dismiss (ECF No. 44); Motion to Reinstitute and Process Summons (ECF No. 46); Motion for Limited Discovery (ECF No. 49); Motion to Amend Motion for Limited Discovery (ECF No. 50).)  Given that Defendant McDaniel has responded to Plaintiff's Complaint through a motion to dismiss and that it is recommended that said motion be granted, it is further recommended that Plaintiff's pending motions be denied as moot.

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss should be granted for Plaintiff's failure to exhaust his administrative remedies.  Plaintiff's pending motions should be denied as moot.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss (ECF No. 38) be GRANTED.  It is further recommended that Plaintiff's pending miscellaneous motions (ECF Nos. 33, 36, 41, 44, 46, 49, and 50) be denied as moot.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 14th day of February, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE