IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES M. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:11-CV-192 (MTT) |
| | ) | |
| Lieutenant JOHNNY McDANIEL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the Plaintiff's "Request for 'Enbanc' Ruling on Magistrate Judges 'Err,'" which the Court construes as a Motion for Reconsideration. (Doc. 57). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration *must do more than simply restate his prior arguments*, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) (emphasis added).

The Plaintiff has alleged no intervening change in the law and has presented no new evidence not previously available to the parties. Instead, the Plaintiff continues to argue that he was not allowed to file an emergency grievance or a formal grievance after his alleged assault by another inmate. However, the Plaintiff filed an informal grievance regarding the incident, but he signed the returned form acknowledging that the matter was unresolved and did not request a formal grievance. (Doc. 38-3 at 2). Therefore, the Plaintiff failed to exhaust his administrative remedies, and the Court's previous ruling was not clearly erroneous. Accordingly, the Plaintiff's Motion for Reconsideration is **DENIED**.[1]

**SO ORDERED**, this the 11th day of April, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Plaintiff also includes in his Motion what appears to be a Complaint against Counselor Fitzgerald, who was not previously named as a defendant in this case. (Doc. 57 at 8). A Motion for Reconsideration is not the appropriate vehicle to add a new claim against a new defendant.